IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELVIN BERNARD SIMMONS,     § | | |
| Plaintiff,     § | | |
| § | | |
| v.     § | | 3:12-CV-1517-M-BK |
| § | | |
| DALLAS POLICE DEPARTMENT,     § | | |
| ET AL.,     § | | |
| Defendants.     § | | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case was referred to the United States Magistrate Judge. Plaintiff filed a *pro se* complaint against the Dallas Police Department and five police officers alleging excessive use of force at the time of his arrest. Because Plaintiff sought to sue a non-jural entity as a defendant, the Court gave him an opportunity to identify a suable entity or individual in answer to the questionnaire. *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993); *see also Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313-14 (5th Cir. 1991) (a plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence). In response to the questionnaire, Plaintiff indicates that he was unaware the Dallas Police Department was a non-suable entity, and requests that the caption of the complaint be modified to sue only the police officers named in the complaint. (Doc. 13, ans. 3.) Therefore, the Dallas Police Department should be dismissed.[1]

---

[1] Contemporaneously with this recommendation, the Court issues process on the individual police officers named in the complaint.

For the foregoing reason, it is recommended that that Defendant Dallas Police Department be **DISMISSED** with prejudice.

SIGNED July 12, 2012.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE